[S. F. No. 2570.  In Bank.—August 5, 1902.]

ABBIE ROSE WOOD, Appellant, v. Estate of JOSEPH M. WOOD, and MARTHA WOOD, as Executrix etc., et al., Respondents.

MARRIAGE—ANTE-NUPTIAL CONTRACT—ILLEGAL CONSIDERATION.— An ante-nuptial contract made in this state, settling property rights in consideration of a proposed marriage, is valid upon its face; but where it appears that the proposed marriage was that of a divorced woman, prohibited by the law of this state from remarriage within one year from the divorce, the contract is based upon an illegal consideration, and cannot be enforced. The fact that a valid marriage was actually contracted in another state between the parties which is valid in this state cannot affect the invalidity of the ante-nuptial contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, and Timothy J. Lyons, for Appellant.

J. C. Bates, and Oliver P. Evans, for Respondents.

Evans & Meredith, for minor heirs and legatees, Respondents.

William P. Humphreys, for non-represented legatees and heirs, Respondents.

HENSHAW, J.—This was an action brought by plaintiff as the widow of Joseph M. Wood, deceased, to enforce against his estate an ante-nuptial contract entered into between her, then Abbie Rose Smith, and the deceased.

The contract recited that "Whereas, a marriage is intended to be soon had and solemnized between the said Wood and Smith, and whereas said Wood is possessed in his own right of certain real estate . . . Witnesseth, that the said Smith, in consideration of said marriage and the sum of ten thousand dollars gold coin to be paid to her by said Wood, or by his heirs, executors, and administrators in event of his sooner death, two years from the date hereof, with interest thereon, payable monthly in advance in like gold coin, at the rate of six *per cent per annum,* which said sum said Wood hereby promises for himself, his heirs, executors, and administrators to pay in said manner, with said interest, does hereby waive, surrender, and relinquish to said Wood all and every claim and right, statutory and otherwise, to interfere with, or to impede, or to control in any manner, the ownership, control, and possession and disposition of the said real estate, and the whole thereof, by said Wood, and she does hereby concede and relinquish to said Wood the right to manage, sell, mortgage, and in all other manner to control and dispose of any and all the said real estate by will or otherwise, in the same manner as though said marriage never took place."

This contract was entered into between the parties upon the thirtieth day of December, 1897. Upon the nineteenth day of August, 1897, a judgment and decree of divorce was made and given in the superior court of the city and county of San Francisco, in favor of Abbie Rose Smith. Upon the first day of January, 1898, within the year after the entry of this decree of divorce, and the next day after the making of the contract in suit, Joseph M. Wood and Abbie Rose Smith, while both residents and citizens of the state of California and domiciled therein, went to Reno, in the state of Nevada, for the sole purpose of marrying each other, there married, and at once returned to their residence in California, where they lived until the death of Wood.

It has been this day decided that the marriage of the parties so contracted in Nevada, was and is valid (*Estate of Wood,*

*ante*, p. 129) ; but the question here presented is of the right of the widow to enforce this ante-nuptial contract.

Upon the face of the contract, it cannot be said that it is void. All intendments being against fraud and in favor of fair dealing, it would not be presumed against any writing that it contemplated a violation of the law, unless that conclusion became irresistible from the very reading of the instrument. The only words of doubtful or suspicious import in this writing are found in the recital that "a marriage is. intended to be soon had and solemnized." . But still, considering the contract by the light of its language alone, there is nothing in this to prevent the construction that the parties contemplated a speedy marriage so soon as the laws of the state would permit, and such a construction, to relieve against the imputation of fraud, would be adopted by a court. In other words, if the parties to this contract had married in this state after the year's disability had terminated, it would not be held that the contract which they had entered into *ab initio* was void.

This brings us, however, to the consideration of the second and essential matter. Plaintiff bases her right to compel performance upon the proposition and proof that upon her part she has fully executed the contract. · But how has she executed it? She has executed it by a marriage in defiance of the express policy of the law of this state, by a marriage which, if it had been solemnized within this state, would unquestionably have been held void. It is true that the marriage which was solemnized in Nevada is a legal marriage in California, but it is none the less a marriage in direct violation of our laws, and is valid only because our laws have no such extraterritorial force as would enable them to operate to avoid a marriage entered into in Nevada, and valid so far as the laws of that state are concerned. Plaintiff's sole right to seek an enforcement of this contract is based upon her contention that her part of it was executed; but her execution of it was a defiance of and an affront to the laws of the state, the aid of whose courts she now invokes. Notwithstanding the fact that the validity of the Nevada marriage has been upheld, the marriage itself being against the spirit and policy of the laws of the state of California, the consideration passing from plaintiff became a consideration resting in a violation of such

laws. It was therefore base, and vitiates the whole contract. No court will lend itself to the enforcement of a contract the right to which enforcement rests upon a violation of the laws for whose support the court has taken its oath.

The judgment and order appealed from are therefore affirmed.

Beatty, C. J., McFarland, J., and Garoutte, J., concurred.